# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## OCTOBER SESSION, 1997

TYRONE CLAY,                    )
                               )     No. 02C01-9611-cc-00410
     Appellant          )
                               )     LAKE COUNTY
vs.                            )
                               )     Hon. Joe G. Riley, Jr., Judge
STATE OF TENNESSEE,            )
                               )     (Post-Conviction)
     Appellee           )


## SEPARATE CONCURRING OPINION


I join with the majority in dismissal of the appellant's petition but for entirely separate reasons. This appeal and a second appeal, No. 02C01-9608-CC-00261, arise from a single ruling of the trial court in granting the appellant a delayed appeal based upon ineffective assistant of counsel.


Thus, the appellant has severed the issues of his delayed appeal and is concurrently challenging on direct appeal both the sentencing decision of the trial court and his constitutional right to the effective assistance of counsel via post-conviction process.


This court has held that a petition for post-conviction relief may not be maintained while a direct appeal of the same sentence and conviction is pending. See Tenn. Code Ann. § 40-30-202(a) and (c) (1996 Supp.). See also Kindall v. State, No. 01C01-9605-CR-00178 (Tenn. Crim. App. at Nashville, Mar. 13, 1997); Denami v. State, No. 01C01-9507-CR-00224 (Tenn. Crim. App. at Nashville, July 5, 1996); see Jones v. State, No. 02C01-9103-CR-00038 (Tenn. Crim. App. at Jackson, Dec. 11, 1991) perm. to appeal denied, (Tenn. Dec. 30, 1991).

For the above reason, I would find that the instant petition was filed prematurely and should have been dismissed accordingly.

2

_____
DAVID G. HAYES, Judge